# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2013

No. 12-50551
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHAD D'BINION,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2419-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Chad D'Binion appeals the sentences imposed following his guilty plea convictions for receipt of child pornography, distribution of child pornography, and two counts of possession of child pornography. The district court sentenced D'Binion to concurrent sentences of 120 months of imprisonment and 10 years of supervised release on each count. The sentences were below the guidelines range on the receipt and distribution counts and within the guidelines range on the possession counts.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

D'Binion argues that the sentences were substantively unreasonable because they were greater than necessary to meet the requirements of 18 U.S.C. § 3553(a). He argues that the guidelines sentence range was unreasonably high because the child pornography Guideline, U.S.S.G. § 2G2.2, lacks an empirical basis and results in excessive sentences even in "mine run" cases. He maintains that the district court made a clear error in judgment by not concluding that the guidelines sentence range was excessive. Acknowledging that the argument is foreclosed by circuit precedent and raising the argument to preserve it for further review, he asserts that no presumption of reasonableness should attach to his sentences because § 2G2.2 lacks an empirical basis. He maintains that lesser sentences were appropriate because he was not one of the worst child pornography offenders and because of his youth, his family history of moving back and forth between the United States and Mexico, his expressed desire to reform himself, and his lack of any prior incarceration.

In the district court, D'Binion did not object to the substantive reasonableness of the sentences. D'Binion argues that such an objection is not required to preserve the substantive reasonableness of a sentence for review, but he acknowledges that this argument is foreclosed by circuit precedent and raises the issue to preserve it for further review. Accordingly, we review the substantive reasonableness of the sentences for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Under the plain error standard, D'Binion must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If D'Binion makes such a showing, we have discretion to correct the error but should do so only if the error seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

D'Binion's sentences that were within the guidelines range are afforded a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). As D'Binion acknowledges, the lack of an empirical basis for the

No. 12-50551

Guideline that was the basis of the sentences does not affect the presumption of reasonableness. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

The district court considered D'Binion's arguments for sentences below the guidelines range, and, with specific reference to the § 3553(a) sentencing factors, found that concurrent sentences of 120 months of imprisonment, below the guidelines range on two counts and within the guidelines range on two counts, were appropriate. "We traditionally entrust sentencing to the discretion of district courts, which are close to the ground and more cognizant of the details of the offender and offense that should be determinative of the sentence." *United States v. Murray*, 648 F.3d 251, 258 (5th Cir. 2011), *cert. denied* 132 S. Ct. 1065 (2012) (internal quotation marks and citation omitted). The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). Considering the totality of the circumstances, as this court must, *see Gall*, 552 U.S. at 51, D'Binion has not shown that the sentences were plainly erroneous. *See Rita v. United States*, 551 U.S. 338, 359-60 (2007); *Peltier*, 505 F.3d at 392-94.

AFFIRMED.